UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaTOYA JENKINS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>D.K. JOHNSON, Warden,<br><br>　　　　　Respondent. | NO. EDCV 13-2017-R (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the magistrate judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the magistrate judge.

　　　　Petitioner appears to raise two new grounds. First, Petitioner argues that with respect to Ground One, which is insufficient evidence, her trial counsel "was ineffective in failing to conduct a reasonable pre-trial investigation." (Objections at 2.) In conjunction with her listed grounds of ineffective assistance of counsel, Petitioner reiterates that her counsel failed to conduct a "reasonable" pre-trial investigation. (*Id.* at 4.) In conjunction with Ground Four on jury instructions,

Petitioner argues that her attorney had "no say so when it came to the jury[]," and therefore the jury was racially unbalanced. (*Id.* at 5.)[1]

Petitioner's two new grounds are unexhausted and therefore cannot provide a basis for relief. 28 U.S.C. § 2254(b)(1). Moreover, Petitioner's new grounds are meritless. With respect to the pre-trial investigation, Petitioner states only that counsel failed "to conduct or attempt to conduct any interviews with any of the prosecution witness[es]." (Objections at 4.) Petitioner does not identify the witnesses, what their testimony would have been, or how their testimony would have established a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Finally, Petitioner's apparent belief that counsel was not permitted to question the jurors during voir dire is not supported by any evidence and is frivolous.

Petitioner's remaining objections are without merit.

IT IS ORDERED that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: June 4, 2015

MANUEL L. REAL
United States District Judge

---

[1] The Court construes this new ground to be related to the questioning of jurors during voir dire.

2